# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Clayton Jones, a/k/a Clayton T. Jones, a/k/a Clayton Thomas Jones, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:20-cv-2132-TMC |
| vs. ) ) ) | **ORDER** |
| State of South Carolina and its Agents, individually and officially, ) ) ) ) | |
| Defendants. ) ) | |

Plaintiff Clayton T. Jones ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1; 1-2). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The magistrate judge issued a Report and Recommendation ("Report") recommending that the court abstain from considering Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37 (1971), and dismiss this action without prejudice and without issuance or service or process. (ECF No. 11). The Report was sent via United States mail to Plaintiff at the address provided the court. (ECF No. 13). Although Plaintiff was advised of his right to file specific written objections to the Report and of the consequences of failing to do so, (ECF No. 11 at 9), Plaintiff did not file objections to the Report. Accordingly, the court entered an order on October 14, 2020, adopting the recommendation set forth in the Report that the court abstain from hearing this matter pursuant to *Younger* and dismissing the action without prejudice and without issuance or service of process. (ECF No. 19).

1

The clerk's office subsequently received a letter from Plaintiff claiming that he did not receive the magistrate judge's Report, and requesting that he be provided another copy of the Report and that the court reset the time for him to file objections thereto. (ECF No. 23). Although Plaintiff's mailing address has not changed throughout the entirety of this action, the court, out of an abundance of caution, entered a text order granting Plaintiff's request for an additional copy of the Report and additional time to file objections to it. (ECF No. 25). As a result, the court vacated its order of October 14, 2020 (ECF No. 19), and afforded Plaintiff an extension of time to file objections to the Report. (ECF No. 25). Plaintiff filed objections to the Report within the extra time allotted. (ECF No. 31). Therefore, the court may now consider the Report (ECF No. 11) in light of Plaintiff's objections.[1]

## BACKGROUND

Plaintiff was arrested on August 5, 2019, pursuant to a warrant, and subsequently charged in the Richland County Court of General Sessions with third degree criminal sexual conduct with a minor in violation of South Carolina law. *See State of South Carolina v. Clayton Thomas Jones*,

---

[1] In addition to filing objections, Plaintiff filed motions for recusal and for the appointment of counsel. (ECF Nos. 29, 32). First, Plaintiff seeks to recuse the undersigned on the basis that Plaintiff initially did not have an opportunity to object to the Report before the court adopted it and that Plaintiff disagrees with the substantive conclusions set forth in the Report and the now-vacated order adopting the Report. (ECF No. 29). Although Plaintiff takes issue with the court's previous findings and rulings, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff has offered no reason to suggest this court has a disqualifying personal bias or prejudice against him. Accordingly, the motion to recuse is **denied**. (ECF No. 29).
    Second, Plaintiff moved to have counsel appointed. (ECF No. 32). The law is clear that there is no right to appointed counsel in § 1983 cases. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Although the court does enjoy the discretionary power to appoint counsel for an indigent in a civil action, such power should be exercised "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case. Accordingly, this motion is **denied**. (ECF No. 32).

2019A4021602389, Richland County Public Index – Charges (last visited Sept. 24, 2020)[2]. As of the date of this Order, Plaintiff's criminal charges are still pending in state court. *See id.*

On June 4, 2020, Plaintiff filed this civil action under 42 U.S.C. § 1983, alleging that the State of South Carolina and "its agents" have been unlawfully detaining him since his arrest on August 5, 2019; that they have deprived him of the right to a speedy trial; and that they have denied him access to the courts by failing to process and file motions and complaints that he has been submitting. (ECF No. 1-2 at 5–6). Plaintiff asserts that Defendants, therefore, have violated his rights under both the United States Constitution and the Federal Speedy Trial Act, 18 U.S.C. §§ 3161–3174. *Id*. at 4. Plaintiff also asserts that he suffered a deprivation of his rights under the South Carolina Constitution and S.C. Code Ann. § 17-23-90. *Id*. Plaintiff claims that as a result of Defendants' actions, he has suffered a deprivation of liberty and property as well as mental anguish, lost wages, and damage to his reputation. *Id.* at 6. Plaintiff seeks monetary damages and an order releasing him from detention for his pending state charges. *Id*.

## STANDARD OF REVIEW

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 11 at 2–3). The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo*

---

[2] The court may take judicial notice of the state court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting a court "may properly take judicial notice of matters of public record" when considering dismissal of an action); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." (internal quotation marks and alteration omitted)).

determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—i*ncluding those portions to which only 'general and conclusory' objections have been made*[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (emphasis added).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  Furthermore, *objections which merely restate arguments already presented to and ruled on by the magistrate judge* or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019).  In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Finally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The magistrate judge's Report recommends the court abstain under *Younger* from deciding Plaintiff's claim that his speedy trial rights have been denied and that he has been denied the ability to file various motions and complaints. (ECF No. 11 at 4–5).[3] The magistrate judge concluded that the application of *Younger* abstention is appropriate in this case "to the extent that [Plaintiff] seeks to enjoin the pending state criminal proceedings against him," and noted that Plaintiff "can address the alleged speedy trial act violations in the pending criminal proceedings" as "the remedy for speedy trial act violations is dismissal of criminal charges." *Id.* at 5.

In addition to recommending dismissal based on the *Younger* abstention doctrine, the magistrate judge noted that numerous alternative bases justify dismissal of Plaintiff's § 1983 action. First, the magistrate judge concluded that Defendant South Carolina is entitled to dismissal on the basis of Eleventh Amendment immunity which has not been abrogated for actions under § 1983. *Id.* at 6. Second, the magistrate judge concluded that Plaintiff cannot state a claim under the Federal Speedy Trial Act because the Act applies to prosecutions brought by the United States, not the State of South Carolina. *Id*. Third, the magistrate judge found that Plaintiff's assertion that he has been denied access to the courts in connection to the state proceedings is subject to summary dismissal because "he is represented by counsel" and has, therefore, failed to allege a constitutional injury. *Id.* at 7.[4] Finally, the magistrate judge determined that the court should

---

[3] The court previously dismissed a similar action brought by Plaintiff pursuant to the *Younger* abstention doctrine. *See Jones v. Odom*, C/A No. 3:19-cv-3326-TMC, 2020 WL 1445747 (D.S.C. Mar. 25, 2020), *aff'd*, __ Fed. App'x __, 2020 WL 4333350 (4th Cir. July 28, 2020).
[4] To the extent Plaintiff asserts that he has been denied access to federal court, the magistrate judge found that Plaintiff has failed to allege that a non-frivolous civil rights claim has been frustrated or impeded and, therefore, has failed to allege an actual injury. *Id.*

decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims asserted by Plaintiff. *Id.* at 7–8.

Plaintiff filed objections to the Report listing ten grounds. (ECF No. 31). Each ground, however, either reiterates Plaintiff's claims that were already presented to and rejected by the magistrate judge or makes a general and conclusory objection to the conclusions set forth in the Report. *See id*. Where "Plaintiff's objections merely rehash his complaint's assertions or flatly disagree with the Magistrate Judge's conclusions," they are not proper objections and the court need not address them. *Brooks v. Williamsburg Cty. Sheriff's Office*, No. 2:15-cv-1074-PMD, 2016 WL 1427316, at *3 (D.S.C. Apr. 11, 2016), *aff'd sub nom. Brooks v. Johnson*, 670 Fed. App'x 98 (4th Cir. 2016). The court has also carefully considered Plaintiff's other post-Report filings. (ECF Nos. 16, 17, 34, 35). These documents largely repeat his general assertion that his rights are being abridged in the prosecution of the pending state charges and fail to raise any specific challenge to the findings or conclusions in the Report.

Having thoroughly reviewed the record and the Report, the court finds no reason to depart from the Report's recommendation that the court abstain from hearing this matter pursuant to *Younger*, as Plaintiff's action essentially asks this court to interfere with ongoing state criminal proceedings. The court adopts the magistrate judge's Report, (ECF No. 11), and incorporates it herein. Accordingly, this action is **DISMISSED** without prejudice and without issuance or service or process.[5]

---

[5] Plaintiff contends that officials at the jail where he was detained "allowed [his] legal documents to be lost" while he was at the hospital. (ECF No. 36). Out of an abundance of caution, the court **GRANTS** Plaintiff's request for copies of the record in *this* case. (ECF No. 41). To the extent Plaintiff seeks copies of the record in other cases in which Plaintiff is or was a party, Plaintiff's request is **DENIED**.

**IT IS SO ORDERED.**

                                                     s/Timothy M. Cain
                                                     United States District Judge

Anderson, South Carolina
January 21, 2021


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.